# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| RONALD EARL COLEMAN | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv361 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Ronald Earl Coleman, formerly an inmate confined at the Neal Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## Factual Background

On June 11, 2008, in the 252nd District Court for Jefferson County, Texas, pursuant to a plea agreement, petitioner was sentenced to six years' community supervision for the charge of Driving While Intoxicated. Petitioner did not appeal his conviction or sentence.

The State subsequently filed a motion to revoke petitioner's community supervision, alleging petitioner had committed a new offense and had failed to pay court fees in violation of the terms of his community supervision. Petitioner entered a plea of not true to the motion to revoke. On May 20, 2010, however, the trial court entered a judgment revoking petitioner's community supervision and sentencing him to a term of ten years' imprisonment.

Petitioner appealed the revocation of his community supervision to the Ninth Court of Appeals in Beaumont. However, petitioner subsequently filed a motion to dismiss the appeal. The motion to dismiss the appeal was granted on July 21, 2010. *See Coleman v. State*, No. 09-10-00258-CR, 2010 WL 2854433 (Tex.App. – Beaumont July 21, 2010).

Petitioner filed three state applications for writ of habeas corpus. Petitioner's first application was filed on September 2, 2010, and it was dismissed on September 15, 2010 because his direct appeal was still pending. On October 26, 2010, petitioner filed his second application for writ of habeas corpus. On November 10, 2010, this application was denied by the Texas Court of Criminal Appeals based on the findings of the trial court. Finally, petitioner filed a third state application on January 11, 2011, which the Court of Criminal Appeals dismissed as a subsequent application. Petitioner filed the above-styled action on August 1, 2011.

## The Petition

Petitioner brings this petition asserting the following grounds: (1) He was denied effective assistance of trial counsel because (a) counsel failed to properly investigate the evidence and communicate with petitioner regarding a plea agreement, causing him to enter a coerced plea, (b) counsel failed to require the State to provide sufficient evidence of his guilt, and (c) counsel failed to ensure the plea agreement was upheld because he understood he was being placed on probation in both Jefferson and Angelina counties; (2) he was denied effective assistance of counsel during the community supervision revocation proceedings because counsel failed to file a motion to suppress evidence of a new charge which was used to support the revocation and which was later dismissed; and (3) the trial court erred in using a new charge, that was later dismissed, to support revocation of his community supervision. Petitioner contends his probation should have been reinstated or he should have been sentenced to a term of only two years' confinement.

The Response

The respondent filed his reply denying petitioner's assertions. The respondent contends that petitioner's claims should be dismissed with prejudice because the claims are either unexhausted and procedurally defaulted, time-barred, or procedurally barred.

Analysis

*Exhaustion and Procedural Default*

The respondent contends that petitioner's claims in grounds one and two are unexhausted and procedurally defaulted.

A person in custody pursuant to the judgment of a State court generally must exhaust available State habeas remedies prior to filing an application in Federal court. Title 28 U.S.C. § 2254 provides in pertinent part the following:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
>   (A)  the applicant has exhausted the remedies available in the courts of the State; or
>   (B)(i)  there is an absence of available State corrective process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement is satisfied when the substance of the federal habeas claim has been "fairly presented" to the highest state court, i.e., the petitioner presents his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29-33 (2004) (holding a petitioner failed to "fairly present" a claim of ineffective assistance by his state appellate counsel merely by labeling the performance of said counsel "ineffective," without accompanying that label with either a reference to federal law or a citation to

an opinion applying federal law to such a claim). The exhaustion requirement is not met if the petitioner presents new legal theories or factual claims in his federal habeas petition. *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982); *Riley v. Cockrell*, 339 F.3d 308, 318 (5th Cir. 2003) ("It is not enough that the facts applicable to the federal claims were all before the State court, or that the petitioner made a similar state-law based claim. The federal claim must be the 'substantial equivalent' of the claim brought before the State court."), *cert. denied*, 543 U.S. 1056 (2005); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) ("where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement").

Petitioner filed three state applications for writ of habeas corpus. However, only the second application was addressed by the Texas Court of Criminal Appeals.

In his second state application, the Texas Court of Criminal Appeals denied petitioner's third claim as presented in this federal petition. However, the denial was based on the state procedural default rule that a petitioner may not use habeas proceedings to bring claims which could have been asserted on direct appeal. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004); *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). A claim that could have been raised and resolved on direct appeal, but that is not presented until a state habeas application is filed, will be found to have been procedurally defaulted. *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996) (quoting *Ex parte Goodman*, 816 S.W.2d 383, 385 (Tex. Crim. App. 1991). This state procedural rule was firmly established in *Gardner* and regularly followed after *Garner*. *See Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004). Thus, the rule was firmly established and regularly followed at the time of

petitioner's trial in 2008 and revocation hearing in 2010. Because the last state court to consider the claim found that petition had defaulted it based on a firmly established and regularly followed state bar, petitioner is procedurally barred from raising the claim in a federal proceeding.

Further, petitioner's claim is without merit. Probation revocations are not subject to a reasonable-doubt standard. In Texas, a probation revocation proceeding is neither a criminal nor a civil trial, but an administrative hearing. *Bradley v. State,* 564 S.W.2d 727, 729 (Tex.Crim.App. 1978). To warrant revocation, the State need only to establish by a preponderance of the evidence that a defendant violated the terms of his probation. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). The State satisfies this burden when the greater weight of the credible evidence presented creates a reasonable belief that a condition of probation has been violated as alleged. *Martin v. State,* 623 S.W.2d 391, 393 n. 5 (Tex.Crim.App. 1981). The revocation of probation passes constitutional muster under the Fourteenth Amendment Due Process Clause as long as it is not "totally devoid" of evidentiary support. *Douglas v. Buder,* 412 U.S. 430, 432, 93 S.Ct. 2199, 37 L.Ed.2d 52 (1973). Here, petitioner fails to establish that the State did not meet its burden of proof or that his probation was revoked without sufficient evidence given the lesser standard required. Likewise, he fails to demonstrate that the state habeas corpus court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

Petitioner's first and third applications were dismissed on procedural grounds and were not addressed. His first application was denied because his direct appeal was pending, and the third application was denied because it was a subsequent petition. Thus, the merits of the grounds for review raised in those petitions were not addressed. Accordingly, such claims have not been "fairly

presented" to the highest state court in a procedurally proper manner according to the rules of the state courts, and the claims are unexhausted.

If a petitioner has failed to exhaust state court remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the claims are procedurally defaulted for purposes of federal habeas review, irrespective of whether the last state court to which the petitioner actually presented his claims rested its decision upon an independent and adequate state ground. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991). On habeas corpus review, a federal court may not consider a state inmate's claim if the state court based its rejection of that claim on an independent and adequate procedural state ground. *See Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir.1996). The procedural bar will not be considered adequate unless it is applied regularly or strictly to the great majority of similar claims. *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.), cert denied, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995).

Texas courts regularly and strictly apply the abuse of the writ doctrine and the doctrine can therefore be relied on as an adequate and independent state ground forming a basis for application of the procedural default doctrine. *Emery v Johnson*, 139 F.3d 191, 195 (5th Cir. 1997). Further, when sufficiency of the evidence claims are alleged for the first time in a state application for writ of habeas corpus and the application is denied, the denial of the claim is to be strictly construed as a determination by the Texas Court of Criminal Appeals that such sufficiency of the evidence claims are not cognizable. *Grigsby*, 137 S.W.3d at 674. Those same claims are then procedurally barred from review in federal court unless the petitioner demonstrates cause and prejudice or a fundamental miscarriage of justice. *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994). Therefore, if petitioner were

now required to present his claims to the Texas Court of Criminal Appeals, the claims would be barred by the Court of Criminal Appeals under the abuse-of-the-writ doctrine, just as his third application was dismissed. *See* TEX. CODE CRIM. PROC. ANN. Art. 11.07 § 4.

A habeas petitioner can overcome a procedural default by showing cause and actual prejudice or a miscarriage of justice. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Here, however, petitioner has failed to demonstrate either cause, prejudice or a miscarriage of justice. Accordingly, petitioner is not entitled to federal habeas corpus relief on these grounds for review as they were not exhausted and are procedurally barred.

*Limitations*

Title 28 U.S.C. § 2244 imposes a one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction. Title 28 U.S.C. § 2244(d)(1) provides, in pertinent part, the following:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In his first claim, petitioner raises three instances of alleged ineffective assistance of counsel concerning his original conviction on June 11, 2008 for which he received six years community supervision. The respondent asserts that claim one is barred by the statute of limitations under 28 U.S.C. § 2244(d).

An order of community supervision is a judgment for AEDPA purposes. *See Caldwell v. Dretke*, 429 F.3d 521, 527-28 (5th Cir. 2005). Petitioner did not appeal his conviction or sentence. Therefore, petitioner's conviction became final on July 11, 2008.[1] Thus, the one-year period of limitations expired on July 11, 2009, absent any tolling. Petitioner did not file his first state application for writ of habeas corpus until September 2, 2010 after the revocation of his term of community supervision. Thus, his state habeas application did not serve to toll the limitations period for his original conviction because it was not filed until after the limitations period had expired. Therefore, petitioner's claims of ineffective assistance of counsel in his first ground for review are barred by limitations.[2]

Additionally, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting

---

[1] If no appeal is filed, a conviction becomes final 30 days after the trial court imposes the sentence or the sentence is suspended in open court. TEX. R. APP. P., 26.2(a)(1).

[2] Petitioner's claims have been liberally construed by the court. However, to the extent the petition may be interpreted to present claims other than those specifically addressed herein, any such claims would also be barred procedurally or by the applicable limitations period.

a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## Conclusion

For the reasons set forth above, the court finds petitioner's grounds for review are procedurally barred, unexhausted and procedurally defaulted, and barred by limitations. Accordingly, petitioner's petition for writ of habeas corpus should be dismissed, and a certificate of

appealability will not issue. A judgment will be entered in accordance with this memorandum opinion and order.

**SIGNED** this the **24** day of **September, 2014.**

_____
Thad Heartfield
United States District Judge